T.C. Memo. 1996-42


UNITED STATES TAX COURT


JERRY SILVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2057-94.          Filed February 6, 1996.


Jerry Silver, pro se.

<u>Alan R. Peregoy</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WRIGHT, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1989 in the amount of $8,834.  Respondent further determined that petitioner is liable for additions to tax pursuant to sections 6651(a)[1] and

_____

[1]Unless otherwise indicated, all section references are to
                                              (continued...)

6654(a) in the amounts of $1,666 and $434.08, respectively.

After concessions, the sole issue for decision is whether a distribution to petitioner from a profit-sharing retirement plan is fully includable in petitioner's income for the taxable year at issue. We hold that such distribution is fully includable in petitioner's income for the taxable year at issue.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein. Petitioner resided in Baltimore, Maryland, at the time the petition was filed in this case.

Petitioner failed to file a timely Federal income tax return for taxable year 1989. Respondent issued a notice of deficiency to petitioner dated November 8, 1993. On April 25, 1994, petitioner filed his 1989 Federal income tax return.

At sometime during 1989, petitioner received a distribution in the amount of $6,749 from a profit-sharing retirement plan (Plan) maintained by his former employer, Jacob Goldfinger (Goldfinger). The Plan was a qualified plan under section 401(a). Petitioner left the employ of Goldfinger in August 1987. Petitioner testified that he was unaware of the Plan's existence while he was employed by Goldfinger. At no time prior to the

---

[1](...continued)
the Internal Revenue Code in effect during the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

distribution did petitioner knowingly contribute, either directly or indirectly, to the Plan. Petitioner deposited the check representing the distribution into his personal bank account on July 3, 1989. On July 14, 1989, petitioner mailed a check drawn against his personal account to Goldfinger in the amount of $3,474.71. Goldfinger was the payee of this check, and he subsequently deposited it into his personal bank account. On his return for 1989, petitioner reported the $6,749 as a nontaxable IRA distribution. Respondent determined that the entire amount of the distribution constituted taxable income to petitioner.

## OPINION

As a general rule, respondent's determinations are presumed correct, and petitioner has the burden of proving otherwise. Rule 142(a).

There is no dispute as to whether petitioner received the $6,749 distribution. Petitioner contends, however, that the $3,474.71 check constitutes his investment in the Plan. Respondent, on the other hand, contends that petitioner sent the check to Goldfinger pursuant to an agreement wholly unrelated to the Plan, and that, under section 72(e)(6), petitioner has no investment in the Plan. We agree with respondent.

Section 402 provides that amounts actually distributed from a qualified plan are taxable to the distributee under section 72 in the year of distribution. Sec. 402(a)(1). The Plan in the instant case is a qualified plan. Sec. 401(a). Section 72

relates to the taxation of annuities and certain proceeds of endowment and life insurance contracts. Section 72(e) is applicable to amounts received under an annuity contract but which are not received as an annuity. The distribution received by petitioner falls into this category. Sec. 1.72-2(a)(1), Income Tax Regs. Under the general rule, amounts received before the annuity starting date are included in income to the extent such amounts are allocable to income on the contract, and not included in income to the extent such amounts are allocable to the investment in the contract. Sec. 72(e)(2)(B). Section 72(c)(4) defines the annuity starting date as the first day of the first period for which an amount is received as an annuity under the contract.

The record indicates that the distribution petitioner received in July 1989 was the first and only distribution that petitioner received from the Plan. The record also indicates that the distribution at issue was not received as an annuity, but rather as a lump-sum distribution of the balance of petitioner's account. The record further indicates that the distribution occurred prior to the annuity starting date. Thus, section 72(e)(2)(B) applies. Under section 72(e)(2)(B), amounts which are allocable to the investment in the contract will not be included in income. Section 72(e)(6) defines investment in the contract as of any date as:

SEC. 72(e)(6). Investment in the contract.--* * *

    (A) the aggregate amount of premiums or other consideration paid for the contract <u>before such date</u>, minus

    (B) the aggregate amount received under the contract <u>before such date</u>, to the extent that such amount was excludable from gross income under this subtitle or prior income tax laws. [Emphasis added.]

The "date" referred to in this provision is the date of the distribution. Sec. 72(e)(8)(B).

Petitioner's testimony at trial concerning why he issued a check to Goldfinger in the amount of $3,474.71 was confusing; his credibility was also questionable. In any event, it is quite clear that petitioner paid Goldfinger <u>after</u> the date upon which the distribution occurred. Petitioner seems to argue that his ignorance of both the law and the Plan's existence should somehow operate to pardon his delinquency in contributing to the Plan. We cannot agree. The mechanics of the Internal Revenue Code do not permit such circumvention, and we are without the power to effect a similar result.

Accordingly, as the statute is clear, and as there is no evidence that petitioner contributed any amount to the Plan prior to the distribution, we find that petitioner did not have an investment in the contract as defined in section 72(e). Therefore, respondent's determination as to this issue is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>
